

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-093-CR

KEVIN WINN TITUS A/K/A                                                 APPELLANT
KEVIN TITUS

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In February 2006, Appellant Kevin Winn Titus pled guilty pursuant to a plea bargain to forgery by possession of a check with intent to pass, a state jail felony,[2] and the trial court placed him on deferred adjudication community supervision for two years. In April 2007, the State filed a petition to proceed

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 32.21(a)(1), (d) (Vernon Supp. 2008).

to adjudication, alleging that Appellant had violated the terms of his community supervision by failing to report, leaving Tarrant County without authorization, failing to notify the community supervision officer within five days of his address change, and failing to serve thirty days in jail as a condition of his community supervision. Appellant pled true to leaving Tarrant County without authorization and to failing to serve the required thirty days in jail. After a hearing, the trial court found all four allegations true, adjudicated Appellant's guilt, and sentenced him to one year's confinement in the State Jail Division of the Texas Department of Criminal Justice. Appellant timely appealed.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. We gave Appellant the opportunity to file a pro se response, but he has not filed one. The State also has not filed a brief.

After an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of

---

[3] 386 U.S. 738, 87 S. Ct. 1396 (1967).

*Anders*, this court is obligated to undertake an independent examination of the record.[4]  Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[6]  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 21, 2009

---

[4] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[5] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[6] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).